UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-20886-BLOOM/Otazo-Reyes

LASHUNDA HOWARD,

    Plaintiff,

v.

GUCCI AMERICA, INC.,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Gucci America, Inc.'s ("Gucci") Motion to Strike and/or Dismiss Untimely Amended Complaint, ECF No. [29] ("Motion"), filed on July 5, 2023. Plaintiff Lashunda Howard ("Howard") filed a Response in Opposition ("Response"), ECF No. [30], to which Gucci filed a Reply ("Reply"). ECF No. [31]. The Court has carefully reviewed the Amended Complaint, the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

    **I.**    **BACKGROUND**

Plaintiff Howard filed her initial Complaint on March 6, 2023, asserting claims under 42 U.S.C. § 1981, 42 U.S.C. § 1982, and state law conversion. The Defendant moved to dismiss each count and the Court entered its Order, ECF No. [26], granting Defendants motion and permitting Plaintiff to file an Amended Complaint by June 14, 2023. On June 21, 2023, Howard filed her untimely Amended Complaint. ECF No. [27]. Therein, she alleges the following:

Case No. 23-cv-20886-BLOOM/Otazo-Reyes

On or about October 8, 2022, Howard entered a Gucci store in Aventura, Florida, to return shoes that been purchased online. *Id*. ¶ 14. Howard, who is African American, was directed to the Gucci store's manager, whom Howard names as "Dawn," who is White. *Id.* ¶ 16. Dawn took possession of the shoes but refused to issue Howard a refund, explaining that Gucci's refund policy for online purchases was of a shorter duration than for in-store purchases, and that Howard could exchange the shoes instead. *Id.* ¶ 22. Dawn refused to offer Howard a refund, maintained possession of the shoes, and called the police. *Id.* ¶¶ 22, 26, 34. During Dawn's call to the police, Dawn "used racial tropes and stereotypical racial denotations regarding Ms. Howard[.]" *Id.* ¶ 41. When the police arrived, they instructed Dawn to return the shoes to Howard, which she did. *Id.* ¶ 50. Howard claims that Dawn's racial animus against her was the reason that Dawn refused to give Howard a refund or return the shoes. *Id.* ¶¶ 44, 58-59, 62, 67.

Howard's Amended Complaint asserts two claims against Gucci: violation of 42 U.S.C. § 1982 (Count I) and violation of 42 U.S.C. § 1981 (Count II). *See generally* ECF No. [27].

Gucci moves to dismiss Howard's Amended Complaint as untimely, and to dismiss both Counts for failing to state a plausible claim for relief.[1] *See generally* ECF No. [29]. Gucci contends that Howard's Section 1981 and Section 1982 claims are "premised on a right of return" which Howard did not possess when she attempted to return the shoes, necessarily dooming both claims. *Id.* at 6-7. Gucci attached to its Motion Howard's receipt for the shoes in question, arguing that the receipt "directly contradicts" Howard's claims. *Id.* at 7; *see generally* ECF No. [29-1]. Gucci also argues that Howard failed to adequately allege how Gucci interfered with any of Howard's contractual rights by racially discriminating against her. *See* ECF No. [29] at 14. Gucci concludes

---

[1] Because the Court is dismissing both of Howard's remaining claims, it will not consider whether Howard has demonstrated good cause for failing to timely file her Amended Complaint.

that both of Howard's claims should be dismissed with prejudice, because further amendment would be futile. *Id*. at 20.

Howard responds that she sufficiently alleged that she "was in a contractual relationship with Gucci" during "all times material" to this dispute, her contractual and property rights were interfered with by Gucci, and those rights were interfered with due to Gucci's intentional racial discrimination. *See* ECF No. [30] at 3-4, 11-13. Arguing that the receipt Gucci provided shows that "she made the purchase" from Gucci and therefore "had sole ownership of the property," Howard asserts that this receipt does not demonstrate that she did not possess a contractual right of return. *Id.* at 4. Rather, Howard contends that the "exhibit" she provided represents her contract with Gucci, complete with the right to return online purchases within 30 days, a right which Gucci allegedly refused to honor. *Id.*; *see* ECF No. [27-1]. Howard argues that Gucci cannot "soundly dispute the contractual relationship" that existed between them, and the general return policies she provided clearly demonstrate she had a contractual right to return the shoes. *Id.* at 4-5, 11. Howard also contends that she adequately alleged that Gucci interfered with her personal property rights by holding and refusing to promptly return her shoes. *Id.* at 12-13.

Gucci replies that it appropriately provided the receipt after Howard failed to do so in her Amended Complaint, noting that Howard does not "challenge the authenticity" of the receipt. ECF No. [31] at 2, 6. Gucci contends that the receipt clearly shows that Howard's right of return expired before she attempted to return the shoes under both its in-store and online return policies. *Id.* at 2-4. Contending that both claims are premised on Howard's "alleged contractual right to return her shoes," Gucci argues that the receipt also shows that Gucci did not interfere with "any property right arising out of Plaintiff's 'existing' contract with Gucci." *Id.* at 7. Gucci concludes by noting that, in addition to Howard's failure to sufficiently allege discriminatory racial animus, Howard's

3

inability to articulate a contractual or property right that was interfered with is fatal to her Section 1981 and Section 1982 claims. *Id.* at 7-8.

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). When a defendant moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the court must accept the plaintiff's allegations as true and evaluate all possible inferences derived from those facts in favor of the plaintiff. *See Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1079 (S.D. Fla. 2019).

## III. DISCUSSION

The Court begins by addressing Count II of the Amended Complaint.

### A. Count II: 42 U.S.C. § 1981

In Count II, Howard asserts a violation of her rights under 42 U.S.C. § 1981, which "prohibits racial discrimination in the making and enforcement of private contracts." *Runyon v. McCrary*, 427 U.S. 160, 168 (1976) (citations omitted). To state a claim under Section 1981, a

plaintiff must allege facts demonstrating: "(1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute," *Kinnon v. Arcoub, Gopman & Assocs., Inc.*, 490 F.3d 886, 891 (11th Cir. 2007) (quoting *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270 (11th Cir. 2004)). Those activities include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

Here, Gucci focuses on the third Section 1981 element, which requires Howard to "identify an impaired 'contractual relationship' under which the plaintiff has rights." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 470 (2006) (internal citation omitted). Gucci provided what it alleges is Howard's receipt, which includes a 14-day contractual right to return the shoes. ECF No. [29-1]. The receipt indicates that Howard's right to return the shoes expired on September 25, 2022, approximately two weeks before she attempted to return the shoes on October 8, 2022. *Id*. Gucci argues that this receipt clearly demonstrates that Howard had no contractual right to return or exchange her shoes and Count II of Howard's Amended Complaint must necessarily be dismissed for failing to state a claim upon which relief may be granted. ECF No. [29] at 6-7, 10.

Howard responds that her Amended Complaint does not reference the store receipt because it represents her contract with Gucci. *See* ECF No. [30] at 4. Instead, Howard argues that her Amended Complaint references her receipt from Gucci to show that the shoes were her personal property, which "goes towards both elements of the contract and property interests." *Id.* Howard explains that she attached Gucci's return policy to her Amended Complaint because it provides the online return policy that she alleges Gucci failed to honor. *Id.* at 4-5, 11. Arguing that only the online return policy is relevant to the dispute, Howard maintains that her contract with Gucci

5

provided 30 days to return her shoes, referring to Gucci's inclusion of her alleged receipt—and the 14-day return policy it provides—as a "misrepresentation." *Id.* at 4.

In its Reply, Gucci accurately points out that the receipt it provided indicates that Howard originally purchased a pair of women's shoes online on August 29, 2022, exchanged those shoes for another pair during an in-store transaction on September 11, 2022, and then subsequently attempted to return those shoes in-store on October 8, 2022. ECF No. [31] at 2-4. Gucci also points out that the receipt includes the return policy for the shoes, which provides a 14-day return period as Gucci previously alleged. *Id.* at 3. Arguing that the general return policies Howard provided do not support Howard's allegations of unlawful interference with her contractual rights, Gucci again points out that Howard has not disputed the authenticity of the receipt and Count I must be dismissed with prejudice. *Id.* at 2, 4.

In its Order on Motion to Dismiss, ECF No. [26] at 5, this Court granted Howard leave to amend her Complaint and to attach the contract or policy demonstrating she had a right to return her shoes, a right that was allegedly interfered with by Gucci. Instead, as Gucci correctly points out, Howard simply provided an incomplete web page describing Gucci's general return policies, alleging that this document represents her contract with Gucci. ECF No. [27] ¶ 13; *see generally* ECF No. [27-1]. That document fails to demonstrate that Howard possessed any contractual right to return her shoes when she attempted to do so on October 8, 2022. The receipt provided by Gucci, on the other hand, indicates that Howard's contractual right of return had elapsed by September 25, 2022. ECF No. [29-1].

The analysis does not end here, however, as the Court must first determine if it may properly consider the receipt Gucci attached to its Motion. *See* ECF No. [29-1]. The Eleventh Circuit has recently instructed that courts "may consider evidence attached to a motion to dismiss

without converting the motion into one for summary judgment" if (1) the plaintiff refers to the document or documents in the complaint; (2) the document is "central to the plaintiff's claim"; and (3) the documents contents are "undisputed." *Baker v. City of Madison*, 67 F.4th 1268, 1276 (11th Cir. 2023). The court also noted that "evidence is 'undisputed' in this context if its authenticity is unchallenged." *Id.*

Here, all three elements are easily met. Howard refers to her receipt throughout her Amended Complaint. *See* ECF No. [27] ¶¶ 18-19, 22, 71. The receipt, as Gucci correctly argues, is central to Howard's Section 1981 claim as it memorializes the contractual right to a refund that Gucci was obligated to honor. It also clearly shows that Howard had no such right when she attempted to return the shoes on October 8, 2022. The receipt's contents are also undisputed; although Howard argues that the receipt fails to memorialize the full terms of her contract with Gucci, she studiously avoids disputing the receipt's authenticity. *See* ECF No. [30] at 4-5. The receipt is accordingly incorporated by reference and properly considered by the Court.

The receipt provided by Gucci is fatal to Howard's Section 1981 claim. That receipt demonstrates that Howard possessed no contractual right of return when she attempted to enforce this right against Gucci. ECF [29-1]. Howard's Section 1981 claim necessarily fails, as she is unable to allege a contractual right that was unlawfully interfered with by Gucci. Howard's Amended Complaint alleges that the return policy she provided represents her contract with Gucci, which includes the right to return sales from Gucci's online store within 30 days. *See* ECF No. [27-1]. Even accepting Howard's allegation that the document she provided represents her contract with Gucci, Howard fails to plausibly allege how this contract afforded her the right to return the shoes when she attempted to do so on October 8, 2022. The receipt provided by Gucci indicates that Howard exchanged the shoes she purchased online during an in-store transaction on

7

September 11, 2022, which triggered Gucci's 14-day in-store return policy as noted on the receipt. ECF No. [29-1]. Howard does not plausibly allege how she continued to possess the contractual right to return these shoes under Gucci's online return policy.[2] Despite Howard's continued insistence that she possessed a contractual right of return, the uncontroverted evidence demonstrates that she possessed no such right when she attempted to return the shoes on October 8, 2022.

Count II is accordingly dismissed with prejudice.

### B.  Count I: 42 U.S.C. § 1982

In Count I, Howard contends that her rights were violated under 42 U.S.C. § 1982, which protects the right of all citizens "to inherit, purchase, lease sell, hold, and convey real and personal property." The first two elements of a Section 1982 claim "parallel" Section 1981 claims, requiring plaintiffs to "adequately allege the same first two elements," namely, (1) that the plaintiff is a member of a racial minority, and (2) that the defendant intended to subject the plaintiff to racial discrimination. *Prestige Restaurants & Entm't, Inc. v. Bayside Seafood Rest.*, Inc., 09-cv-23128, 2010 WL 680905, at *7 (S.D. Fla. Feb. 23, 2010) (quotation marks omitted), aff'd, 417 Fed. App'x. 892 (11th Cir. 2011). The third element requires plaintiffs to allege that defendant's discrimination amounts to "interference with the rights or benefits connected to the ownership of property." *Id*.

Turning to Howard's Section 1982 claim, Gucci primarily argues that Howard "premised" both her Section 1981 and Section 1982 claims on an alleged contractual right of return that she did not possess, necessarily dooming both claims. ECF No. [29] at 6-7. With no contractual right of return, Gucci contends that it could not have interfered with Howard's property rights under Section 1982. *Id*. Howard responds that her receipt shows that the shoes are her personal property,

---

[2] The Court also notes that Howard fails to plausibly allege that she possessed an enforceable right to return her shoes on October 8, 2022, as the receipt indicates that this right expired on September 28, 2022. ECF No. [29-1].

Case No. 23-cv-20886-BLOOM/Otazo-Reyes

and Gucci interfered with her property rights in the shoes by attempting to force her to exchange the shoes in order to leave the store "with her own property." ECF No. [30] at 13.

Gucci is correct that Howard's Amended Complaint premises both her Section 1981 and Section 1982 claims on a contractual right to return her shoes.[3] As already noted, Howard's receipt demonstrates that Howard possessed no contractual right to return or exchange her shoes on October 8, 2022. The lack of any contractual right is fatal to Howard's argument that Gucci violated Section 1982 by failing to honor her right of return under "an existing contract with Gucci," or that Gucci otherwise interfered with "her right to enforce her contract". ECF No. [27] ¶¶ 72-75. Aside from noting that Gucci's failure to enforce the terms of the contract "affected Plaintiff's rights to refund personal property," *id.* at 77, Howard's Amended Complaint is silent as to how Gucci interfered with her "rights or benefits connected with the ownership of property" absent this contractual relationship. *Prestige Bayside Seafood Rest., Inc.*, 2010 WL 680905, at *7. As such, Howard's assertion that her property rights were "affected" is insufficient to allege a claim that Gucci violated her right "to … sell, hold, and convey real and personal property." 42 U.S.C. § 1982.

Count I is dismissed with prejudice.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Gucci's Motion, **ECF No. [29]**, is **GRANTED**.

2. Counts I and II of the Amended Complaint, **ECF No. [27]**, are **DISMISSED WITH PREJUDICE.**

3. The above-styled action is administratively **CLOSED** without prejudice to the parties

---

[3] *See, e.g.*, ECF No. [27] ¶¶ 11-12, 14, 23-26, 32-33, 72-75, 81-85.

to file appropriate dismissal documentation.

4. The Clerk of Court shall **CLOSE** this case.

5. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 5, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record