UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-20886-BLOOM/Torres

LASHUNDA HOWARD,

    Plaintiff,

v.

GUCCI AMERICA, INC.,

    Defendant.
_____/

### ORDER ON MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiff Lashunda Howard's ("Howard") Motion for Reconsideration of Dismissal of Her Amended Complaint and to Re-Open Case, ECF No. [33] ("Motion"). Defendant Gucci America, Inc.'s ("Gucci") filed a Response, ECF No. [34], to which Plaintiff filed a Reply, ECF No. [35]. The Court has carefully reviewed the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I.     BACKGROUND**

Howard's Amended Complaint asserts two claims against Gucci: unlawful interference with personal property under 42 U.S.C. § 1982 (Count I) and unlawful contractual interference under 42 U.S.C. § 1981 (Count II). *See generally* ECF No. [27] ("Amended Complaint"). On July 5, 2023, Gucci moved to dismiss both claims for failing to state a claim upon which relief may be granted. *See* ECF No. [29] ("Motion to Dismiss"). Gucci argued that neither claim alleges a plausible claim for relief, as both claims are premised on a contractual right to return a pair of shoes purchased from Gucci that did not exist when Howard attempted to return those shoes. *See*

*generally* ECF No. [29]. Howard responded that the contract that existed between herself and Gucci provided her the right to return the shoes when she attempted to do so, and she sufficiently alleged that Gucci interfered with her contractual and personal property rights by holding and refusing to promptly return her shoes. *See generally* ECF No. [30]. The Court granted Gucci's Motion to Dismiss as to both counts of Howard's Amended Complaint. *See generally* ECF No. [32] ("Order"). The Court found that the sales receipt provided by Gucci demonstrated that Howard's contractual right to return the shoes expired before she attempted to return them on October 8, 2022. The Court determined that dismissal was warranted on both claims, as Howard failed to plausibly allege a § 1981 or § 1982 claim based on Gucci's alleged impairment of Howard's contractual or personal property rights absent a valid right of return.

In her Motion, Howard argues that the Court should reconsider the Order pursuant to Rules 59(e) and 60 of the Federal Rules of Civil Procedure. Howard specifically contends that the Court should reconsider its ruling on Howard's § 1982 claim. Gucci opposes the Motion, arguing that Howard fails to show that reconsideration of the Order is warranted.

**II.    LEGAL STANDARD**

A motion for reconsideration is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009) (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993)).

> A motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.

> Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.

*Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369.

Because court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," a motion for reconsideration must clearly "set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to reverse its prior decision." *Am. Ass'n of People With Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339, 1340 (M.D. Fla. 2003) (citations omitted). As such, a court will not reconsider its prior ruling without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, No. 6:11-cv-1637-Orl-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp.*, 814 F. Supp. at 1072-73; *see also Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 n.2 (S.D. Ala. 2008) (noting that reconsideration motions are to be used sparingly, and stating, "imagine how a district court's workload would multiply if it was obliged to rule twice on the same arguments by the same party upon request"). A motion for reconsideration "is not an opportunity for the moving party … to instruct the court on how the court 'could have done it better' the first time." *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008) (citation omitted).

Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369. Ultimately, reconsideration is a decision that is "left 'to the sound discretion' of the reviewing judge." *Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*, No. 6:18-cv-1149-Orl-78DCI, 2020 WL 5534280, at *2 (M.D. Fla. Apr. 1, 2020) (quoting *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

### III.   DISCUSSION

The Motion does not identify an intervening change in law or the availability of new evidence justifying reconsideration of the Order. Instead, Howard contends that reconsideration is needed to correct clear error or manifest injustice. Howard argues that the Court should reconsider its Order for the following reasons: (1) the Court erroneously concluded that a contractual relationship is required to plausibly allege a § 1982 claim; (2) the Court erred in finding that Howard's § 1982 claim was premised on a contractual relationship or contractual right of return; (3) the Court similarly erred in finding that Howard failed to plausibly allege a § 1982 claim; and (4) because Plaintiff plausibly alleged a § 1982 claim under Federal Rule of Civil Procedure 8(a)(2). Upon review, however, none of those reasons sets forth a sufficient basis to warrant reconsideration.

Howard's arguments in favor of reconsideration amount to little more than disagreement with the Court's Order. "[W]hen there is mere disagreement with a prior order, reconsideration is

a waste of judicial time and resources and should not be granted." *Roggio v. United States*, No. 11-22847-CIV, 2013 WL 11320226, at *1 (S.D. Fla. July 30, 2013) (internal citation and quotation marks omitted); *see also Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (recognizing no basis for reconsideration where motion did nothing but ask the court to reexamine unfavorable ruling, absent a manifest error of law or fact). Indeed, "[i]t is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly." *Z.K. Marine Inc.*, 808 F. Supp. at 1563 (citation and alterations omitted).

As a threshold matter, the Court did not improperly commingle the elements of Howard's § 1981 and § 1982 claims. The Court's Order properly laid out the respective elements of the § 1981 and § 1982 claims and applied those elements to the allegations in Howard's Amended Complaint. The Order did not suggest that a contractual relationship is required to plausibly allege a § 1982 claim. *See* Order at 4-5, 8. Rather, the Court simply noted that Howard's allegations premised her § 1982 claim on a contractual right to return her shoes. *Id.* at 8-9. Plaintiff is accordingly incorrect that the Court erroneously analyzed Plaintiff's § 1982 claim as a § 1981 claim. Moreover, as discussed below, Howard has not shown that the Court misapprehended the allegations supporting her § 1982 claim.

Howard argues that the Court erred in dismissing her § 1982 claim because it was premised on a contractual right to return her shoes that did not exist when she attempted to do so. Howard contends that she plausibly alleged a § 1982 claim despite lacking a contractual right of return, and the Court erred in concluding otherwise. Howard specifically argues that the Court erred in finding that the absence of a contractual right of return meant that none of Howard's contractual rights were interfered with, in violation of § 1982, and erred in concluding that Howard failed to plausibly allege a § 1982 claim absent any contractual relationship between herself and Gucci. For support,

Howard relies on the allegations in her Amended Complaint and case law regarding conversion claims under Florida law. Howard's arguments fail to show that the Court erred in finding that Howard did not plausibly allege a § 1982 claim, however.

The Court pointed out that Howard's Amended Complaint premised her § 1982 claim on a contractual right to return her shoes, and that the absence of any such right was fatal to Howard's § 1982 claim. *See generally* Order. Howard contends the Court erred in finding that her § 1982 claim was premised on a contractual right of return, yet the allegations on which she relies confirm that conclusion. For instance, Howard alleges that Gucci violated § 1982 "by failing to provide Plaintiff with the full and equal enjoyment of the goods, services, privileges, [and] advantages of *refunding or choosing not to purchase or exchange property in its store* as it did its white patrons at that store, and then calling police to unlawfully remove Plaintiff while not doing the same for its similarly-situated white patrons[.]"[1] Amended Complaint ¶ 73 (emphasis added). Howard contends that the expiration of the right of return under her contract with Gucci does not establish that Gucci did not violate her other rights under the contract. Absent an enforceable right to a refund, however, Howard fails to plausibly allege any contractual right that Gucci could have interfered with by refusing to offer a refund for her shoes, or by temporarily retaining those shoes. The Court accordingly did not err in concluding that "[t]he lack of any contractual right is fatal to Howard's argument that Gucci violated § 1982 by failing to honor her right of return under 'an

---

[1] Howard further alleges that Gucci thus "preclude[d] her right to enforce her contract" with Gucci and further "violated 42 U.S.C. § 1982 in that although [Gucci] may have been willing to consummate transactions with [Howard], it was only if Plaintiff agreed to Defendant's new offer to modify the contract and limit her rights to exercise her contract while not doing the same to its white customers." *Id.* ¶ 76. *See also id.* ¶ 77 (alleging that Gucci's discriminatory practices "affected Plaintiff's rights to refund personal property, hold and convey her personal property, received=equal service afforded to white customers, and exercise all of her rights, [and] privileges as [Gucci] allowed its white customers[.]").

existing contract with Gucci,' or that Gucci otherwise interfered with 'her right to enforce her contract.'" Order at 9 (citing Amended Complaint ¶¶ 72-75).

Howard's argument that she plausibly alleged a § 1982 claim regardless of any contractual relationship fares no better. Howard argues that her Amended Complaint contains "overwhelming facts of how Defendant's employee[s] interfered with … her property rights and property interest in her shoes regardless of the existence or non-existence of any contract." Motion at 10. Howard alleged that Gucci interfered with her personal property, namely, her shoes, but those allegations are also premised on a contractual relationship between Howard and Gucci. For example, the Amended Complaint provides:

> GUCCI attempted to force Ms. Howard *to modify the existing contract* by consenting to limit her exercise of the contract to only being allowed to conduct any transactions if she first agreed to exchange the shoes. After Ms. Howard refused GUCCI's new offer to limit her transaction and rights under the existing contract with GUCCI, [Gucci's employee] Dawn then took possession of Ms. Howard's shoes and refused to return Ms. Howard's property despite Ms. Howard's multiple requests for GUCCI to return her shoes, and the lack of any dispute of her sole ownership of her property.

Amended Complaint ¶¶ 25-26 (emphasis supplied). Howard is correct that her Amended Complaint alleges Gucci's temporary confiscation of her personal property—her shoes. However, as the Court observed in its Order, Howard fails to allege how doing so constitutes an unlawful interference with her personal property rights in violation of § 1982. Instead, Howard articulates Gucci's interference with her personal property as a breach of the contractual relationship that allegedly existed between herself and Gucci.[2] The Court accordingly did not err in concluding that

---

[2] *See, e.g.*, Amended Complaint ¶¶ 22-23 (Gucci "refused to allow Ms. Howard to refund the shoes or conduct any business at Gucci" despite "not limit[ing] its white patrons in the store to only being allowed to conduct and engage in retail business with GUCCI or exercise their contractual rights[.]"); *id.* ¶¶ 27, 30-33 ("Even after Ms. Howard informed GUCCI that she was not feeling well and just wanted to leave the store with her shoes, and would later call GUCCI's customer service regarding this matter, GUCCI still

"Howard's Amended Complaint is silent as to how Gucci interfered with her 'rights or benefits connected with the ownership of property' *absent this contractual relationship*." Order at 9 (citing *Prestige Bayside Seafood Rest., Inc.*, 2010 WL 680905, at *7 (S.D. Fla. Feb. 23, 2010)) (emphasis added).

The authorities Howard provides do not support a contrary conclusion. Howard argues that the fact that Gucci subsequently returned her shoes to her is no bar to relief under § 1982. For support, Howard points to decisions finding that a temporary wrongful possession of another's property states a plausible conversion claim under Florida law. *See Beach Community Bank v Disposal Services, LLC*, 199 So. 3d 1132 (Fla. Dist. Ct. App. 2016); *Mayo v. Allen*, 973 So. 2d 1257, 1258 (Fla. 1st DCA 2008); *Seibel v. Soc'y Lease, Inc.*, 969 F. Supp. 713, 719 (M.D. Fla. 1997). That argument fails for two reasons. First, as discussed, Howard did not plausibly allege that Gucci's temporary possession of her shoes constitutes an unlawful interference with her personal property rights in violation of § 1982. Second, merely citing case law on conversion claims under Florida law does not demonstrate that the court erred in dismissing Howard's § 1982 claim.[3]

Howard's remaining arguments in favor of reconsideration also fall short. Howard asserts that the Court erred in finding that the sales receipt provided by Gucci demonstrated that Howard possessed no enforceable right to return her shoes when she attempted to return them. Howard

---

refused to return her shoes … GUCCI did not interfere with, impede, nor modify its contracts with those white patrons in its store, nor interfere with their ability to make contracts with GUCCI, enforce those contracts, and/or the right of enjoyment of all benefits, privileges, terms, and conditions of that contractual relationship … GUCCI breached its contract with Ms. Howard, wherein that contract did in fact give Ms. Howard the right to/not to return, refund, exchange, her purchases in its brick-and-mortar stores, exercise those rights, and the right of enjoyment of all benefits, privileges, terms, and conditions of that contractual relationship.").

[3] The Court previously dismissed a conversion claim that Howard alleged in her initial Complaint. *See generally* ECF No. [26]. Howard did not raise this claim in her Amended Complaint, nor did she move for the Court to reconsider its prior dismissal of her conversion claim.

8

does not articulate how this determination constitutes a legal or factual error, however, and she simply quotes the Court's Order for support. The Court accordingly finds no basis to reconsider this ruling.

Finally, Howard's argument that the Court should reconsider its dismissal of her § 1982 claim because she plausibly alleged this claim under Federal Rule of Civil Procedure 8(a)(2) is similarly unavailing. Howard's argument that her § 1982 claim satisfies Rule 8(a)(2)'s general pleading standard fails to provide a sufficient basis for reconsideration of the Court's Order. As discussed, the Court did not misapprehend Howard's allegations or otherwise clearly err in its dismissal of her § 1982 claim. Howard accordingly has not satisfied her burden to show that the Court should reconsider its Order on this basis.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [33]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 10, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:

Counsel of Record